1  HENRY WEISSMANN (SBN 132418)
   Henry.Weissman@mto.com
2  DANIEL P. COLLINS (SBN 139164)
   Daniel.Collins@mto.com
3  JOSEPH S. KLAPACH (SBN 206345)
   Joseph.Klapach@mto.com
4  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, 35th Floor
5  Los Angeles, CA  90071-1560
   Telephone:     (213) 683-9100
6  Facsimile:     (213) 687-3702

7  Attorneys for Defendant
   JEPPESEN DATAPLAN, INC.

8  STEVEN M. WATT (*pro hac vice*)
   swatt@aclu.org
9  BEN WIZNER (SBN 215724)
   bwizner@aclu.org
10 AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
11 125 Broad Street, 18th Floor
   New York, NY  10014
12 Telephone:     (212) 549-2500
   Facsimile:     (212) 549-2651
13
   Attorneys for Plaintiffs
14
   [Additional counsel listed on next page]
15

*(Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — "IT IS SO ORDERED" — /s/ James Ware, Judge James Ware)*

16                UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                     SAN JOSE DIVISION

19 | BINYAM MOHAMED; ABOU ELKASSIM    | CASE NO.  C 07-2798 RS
   | BRITEL; AND AHMED AGIZA,
20 |                                  | **STIPULATION AND [PROPOSED]**
   |          Plaintiffs,             | **ORDER RE: BRIEFING ON MOTION**
21 |                                  | **TO DISMISS**
   |     vs.
22 |
   | JEPPESEN DATAPLAN, INC.,
23 |
   |          Defendant.
24

1  ANN BRICK (SBN 65296)
   abrick@aclunc.org
2  ACLU FOUNDATION OF
   NORTHERN CALIFORNIA
3  39 Drumm Street
   San Francisco, CA  94111
4  Telephone:    (415) 621-2493
   Facsimile:    (415) 255-1478
5  Attorneys for Plaintiffs

1  WHEREAS on May 30, 2007, Plaintiffs Binyam Mohamed, Abou Elkassim Britel, and Ahmed Agiza ("the Initial Plaintiffs") filed the Complaint in this action;

3  WHEREAS, on June 25, 2007, counsel for the Initial Plaintiffs informed counsel for Defendant that the Initial Plaintiffs intended to amend the Complaint pursuant to Fed. R. Civ. P. 15(a) and to file and serve an amended complaint on or before July 25, 2007;

6  WHEREAS, in light of the forthcoming amended complaint, the parties filed a stipulation pursuant to Local Rule 6-1(a) to extend the time within which Defendant shall respond to the Complaint until August 13, 2007—a date that would correspond to the normal due date under the rules for responding to an amended complaint that was filed on July 25, 2007;

10  WHEREAS, as part of the June 26, 2007 stipulation, the parties reserved the right to present a further stipulation to the Court, for its approval under Local R. 6-1(b), more fully establishing the schedule for a possible motion under Fed. R. Civ. P. 12 in response to the forthcoming amended complaint, including a further extension of the due date for responding to the forthcoming amended complaint;

15  WHEREAS, after counsel for the Initial Plaintiffs informed counsel for Defendant that the Initial Plaintiffs required additional time until August 1, 2007 to complete their amendment of the Complaint, an Amended Complaint was filed on August 1, 2007;

18  WHEREAS the Amended Complaint includes claims by two new plaintiffs, Mohamed Farag Ahmad Bashmilah and Bisher al-Rawi (together with the Initial Plaintiffs, collectively referred to as "Plaintiffs");

21  WHEREAS, under Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 6(a), (e), Defendant's response to the Amended Complaint is presently due on Monday, August 20, 2007;

23  WHEREAS, the parties expect that, if Defendant responds to the Amended Complaint by filing a motion under Fed. R. Civ. P. 12, such a motion would likely raise complex legal issues that would require significant substantive briefing addressing, inter alia, the following: whether the nature of Plaintiffs' claims (which are based on alleged U.S. intelligence activities overseas) renders this case nonjusticiable; whether Plaintiffs have alleged a norm of international law that is actionable under the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS"), in light of the standards

1  established by the Supreme Court in *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004); and whether
2  a corporate entity such as Defendant can be held liable under the ATS for alleged violations of
3  international law purportedly committed by agents of, inter alia, the United States, Sweden,
4  Morocco, and Egypt;

5  WHEREAS, counsel for the parties expect that they would require additional time beyond
6  that provided by the Local Rules to fully and effectively brief such a motion and to prepare papers
7  that will best assist the Court in deciding the complex legal issues presented;

8  WHEREAS, the Commentary to Local R. 7-2 states that, "[f]or complex motions, parties
9  are encouraged to stipulate to or seek a Court order establishing a longer notice period with
10 correspondingly longer periods for response or reply";

11 WHEREAS, the parties respectfully submit that the proposed schedule set forth below
12 will enable them to fully and fairly brief a motion under Fed. R. Civ. P. 12;

13 WHEREAS, in light of the complexity of the threshold legal issues raised by the
14 Amended Complaint in this case, the parties agree that the Rule 26(f) conference and the formal
15 "Initial Case Management Conference" under Local Rule 16-10 (currently set for September 24,
16 2007 at 10:00 A.M.) should be deferred until after the Court has issued a final ruling on a motion
17 under Fed. R. Civ. P. 12;

18 WHEREAS, Plaintiffs nonetheless request that the Court set a status conference at the
19 same date and time (September 24, 2007 at 10:00 A.M.) to address any scheduling or other such
20 issues that may be raised by Defendant's response to the Amended Complaint (which, under the
21 schedule set forth below, would then already have been filed on September 19, 2007);

22 WHEREAS Defendant has no objection to Plaintiffs' request for a status conference, and
23 the parties agree to file with the Court a Joint Status Conference Statement on or before
24 September 19, 2007 identifying any scheduling or other such issues that may then require the
25 Court's attention; and

26 WHEREAS, the parties have discussed the options for Alternative Dispute Resolution
27 ("ADR") set forth in this Court's ADR Local Rules, and the parties agree that this case is not
28 suited for court-sponsored Alternative Dispute Resolution process at this time and that, pending

1 further order of the Court, the provisions of Local Rule 16-8 and ADR Local Rule 3 should not
2 apply to this case;

3       NOW THEREFORE, Plaintiffs and Defendant, through their undersigned counsel, hereby
4 stipulate as follows:

5       1.    Defendant shall file its response to the Amended Complaint on or before
6 September 19, 2007.

7       2.    Defendant may respond to the Amended Complaint with an answer or by filing a
8 motion under Fed. R. Civ. P. 12.  If Defendant responds with a motion, Plaintiffs shall file an
9 opposition to such a motion on or before October 24, 2007; Defendant shall file a reply in support
10 of such a motion on or before November 21, 2007; and the hearing on the motion shall be
11 December 10, 2007, at 9:00 a.m., or at such date and time thereafter as is convenient for the
12 Court.

13       4.    The Initial Case Management Conference and Joint Case Management Statement
14 provided for by Local R. 16-9 and 16-10, all disclosures pursuant to Fed. R. Civ. P. 26(a), and the
15 Rule 26(f) conference shall be deferred until the Court has issued a final ruling upon any motion
16 under Fed. R. Civ. P. 12.  Pending further order of the Court, the provisions of Local Rule 16-8
17 and ADR Local Rule 3 shall not apply to this case.

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | DATED: August 7, 2007 | MUNGER, TOLLES & OLSON LLP |
| 7 | | |
| 8 | | By: /s/ Daniel P. Collins |
| 9 | | Daniel P. Collins |
| | | Attorneys for Defendant |
| 10 | | JEPPESEN DATAPLAN, INC. |
| 11 | DATED: August 7, 2007 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| 12 | | |
| 13 | | By: /s/ Steven M. Watt |
| | | Steven M. Watt |
| 14 | | Attorneys for Plaintiffs |

15  IT IS SO ORDERED.

16

17  The Court adopts the parties' Stipulation except the Court finds that an interim

18  Case Management Conference is unnecessary in light of the Defendants' putative

19  Motion to Dismiss. The Court will set a conference date in its order regarding

20  Defendants' Motion to Dismiss.

21

22  Dated: August 13, 2007

        /s/ James Ware
        JAMES WARE
23      United States District Judge