1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  SCOTT N. SCHOOLS
   United States Attorney
3  CARL J. NICHOLS
   Deputy Assistant Attorney General
4  JOSEPH H. HUNT
   Director, Federal Programs Branch
5  VINCENT M. GARVEY
   Deputy Director, Federal Programs Branch
6  MICHAEL P. ABATE
   Trial Attorney
7  michael.abate@usdoj.gov
   U.S. Department of Justice
8  Civil Division, Federal Programs Branch
   20 Massachusetts Avenue, NW
9  Washington, DC 20001
   Phone:      (202) 616-8209
10 Fax:        (202) 616-8470
   Attorneys for the United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

| | |
|---|---|
| BINYAM MOHAMMED;<br>ABOU ELKASSIM BRITEL;<br>AHMED AGIZA;<br>MOHAMED FARAG AHMAD BASHMILAH;<br>BISHER AL-RAWI<br><br>Plaintiffs,<br><br>v.<br><br>JEPPESEN DATAPLAN, INC.<br><br>Defendant. | Case No. C-07-02798-JW<br><br>**STATEMENT OF INTEREST OF THE UNITED STATES**<br><br>Hon. James Ware, District Judge |

Statement of Interest of the United States
Case No. C-07-02798-JW

## INTRODUCTION

Pursuant to 28 U.S.C. § 517,[1] the United States of America, through its undersigned counsel, hereby submits this Statement of Interest to advise the Court that the United States is considering whether and how to participate in this action, including whether it will assert the military and state secrets privilege, and if so whether it will intervene to seek dismissal of this case. The United States anticipates making that decision, and filing any submissions, by October 19, 2007. Accordingly, the United States requests that this Court enter a short stay of proceedings that would allow the Court to consider any submissions from the United States prior to requiring the Defendant to answer or otherwise respond to the Amended Complaint. Pursuant to a prior stipulation of the parties, Defendant must answer or otherwise respond the Amended Complaint by September 19, 2007. The United States' request, therefore, represents only a short, one-month deferment of this Court's scheduled proceedings.

The United States attempted to obtain the parties' consent to a new stipulation deferring Defendant's obligation to respond to the Amended Complaint until after this Court considers any filing that the United States might make in this litigation. The Defendant was willing to so stipulate. Plaintiffs would not consent to the proposed stipulation, however.

## BACKGROUND

In this action, Plaintiffs assert that the Defendant Jeppesen Dataplan, Inc. ("Jeppesen") violated international law by, *inter alia*, "provid[ing] direct and substantial services to the United States for its so-called 'extraordinary rendition' program." Amended Compl. ¶ 2. Plaintiffs allege that Jeppesen "is directly liable" under the Alien Tort Statute for allegedly violating

---

[1] Section 517 provides that the "Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States." 28 U.S.C. § 517. A submission by the United States pursuant to this provision does not constitute intervention under Rule 24 of the Federal Rules of Civil Procedure.

Statement of Interest of the United States
Case No. C-07-02798-JW                          -2-

Plaintiffs' rights, or that, in the alternative, Jeppesen is liable because it "conspired with" and "aided and abetted" agents of the United States, or because it acted "with reckless disregard." Amended Compl. ¶¶ 254-57; *see also id.* ¶¶262-64 (alleging conspiracy, aiding and abetting, and reckless disregard liability). In short, Plaintiffs assert that Jeppesen should be held liable for purportedly assisting the United States in the conduct of alleged clandestine intelligence activities. Plaintiffs seek compensatory and punitive damages from Defendant.

## DISCUSSION

Plaintiffs contend that Defendant assisted the United States government to conduct clandestine intelligence activities abroad. As a general rule, the United States does not – and cannot – confirm or deny allegations of clandestine intelligence activities. Where such allegations are true, the government cannot confirm them for the simple reason that doing so would reveal the very secret the government is required to protect. The government similarly cannot deny such allegations because that denial, in and of itself, might provide information about the scope of intelligence activities to foreign analysts, and because a denial would create a negative inference in other instances where the government refuses to confirm or deny an alleged clandestine activity. *See, e.g.*, *Halkin v. Helms*, 598 F.2d 1, 8 (D.C. Cir. 1978) (characterizing as "naive" the contention that the government should simply confirm or deny whether plaintiffs' communications had been intercepted because "a number of inferences flow from the confirmation or denial" of such facts, and doing so "would enable foreign governments or organizations to extrapolate the focus and concerns of our nation's intelligence agencies.").

The fact that the United States is not named as a defendant in the Amended Complaint does not obviate the need for it to avoid confirmations or denials of alleged clandestine intelligence activities. It is well-established that even in cases where the United States is not named as a defendant, its interests may be implicated when the very purpose of the litigation is to prove an alleged relationship between the government and private individuals or corporations. *See, e.g.*, *Terkel v. AT & T Corp.,* 441 F. Supp. 2d 899, 917 (N.D. Ill. 2006) ("[T]he Court is

Statement of Interest of the United States
Case No. C-07-02798-JW                   -3-

persuaded that requiring AT&T to confirm or deny whether it has disclosed large quantities of telephone records to the federal government could give adversaries of this country valuable insight into the government's intelligence activities. Because requiring such disclosures would therefore adversely affect our national security, such disclosures are barred by the state secrets privilege."); *Maxwell v. First Nat. Bank of Maryland*, 143 F.R.D. 590, 599 (D. Md. 1992) ("The state secret that must be protected is the existence of any relationship between the CIA and ATC or FNB."), *aff'd*, 998 F.2d 1009 (4th Cir. 1993) (Mem.), *cert. denied*, 510 U.S. 1091 (1994). Indeed, in a case containing allegations similar to the present suit – where a plaintiff sued individual and corporate defendants for allegedly assisting the United States in conducting an "extraordinary rendition" – the court granted the government's request to stay all obligations, including the defendants' duty to respond to the complaint, until the court could consider the government's arguments about whether the state secrets privilege prevented the litigation from going forward. *See, e.g.*, *El-Masri v. Tenet*, Civ. Action No. 05-1417 (E.D. Va.), Docket # 21 (Mar. 9, 2006).[2]

Upon consideration of the government's filings detailing why the very subject matter of that litigation implicated state secrets, submitted shortly after the court stayed the proceedings, the court granted the United States' Motion to Dismiss. *See El-Masri v. Tenet*, 437 F. Supp. 2d 530, 538 (E.D. Va. 2006) (finding that the United States validly asserted the state secrets privilege and dismissing the action). The court specifically found that the action could not go forward, and defendants could not be required to answer, in light of the government's assertion of the state secrets privilege. The court noted that "any answer to the complaint would potentially disclose information protected by the privilege," and that "special procedures, such as clearing defense counsel for access to classified information and the application of the Classified Information Procedures Act (CIPA)," would be "plainly ineffective" because "the entire aim of

---

[2] The Amended Complaint in the instant action repeatedly references Khaled El-Masri. *See* Compl. ¶¶ 54, 75, 229, 240.

Statement of Interest of the United States
Case No. C-07-02798-JW                -4-

the suit is to prove the existence of state secrets." *Id.* at 539. The United States Court of Appeals for the Fourth Circuit affirmed the district court's conclusions. *See El-Masri v. United States*, 479 F.3d 296 (4th Cir. 2007), *petition for certiorari filed*, 75 U.S.L.W. 3363 (May 30, 2007).

Like the court in *El-Masri*, this court undoubtedly possesses the "inherent" power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Stone v. INS*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket . . . .'" (quoting *Landis*, 299 U.S. at 254)). That inherent power should be used to proceed cautiously in a case such as this, where the government is considering whether to intervene and assert a privilege that is designed to protect information that, if disclosed, would harm national security. As the Supreme Court noted in *United States v. Reynolds*, the seminal state secrets case, a "court should not jeopardize the security which the privilege is meant to protect." *United States v. Reynolds*, 345 U.S. 1, 10 (1953); *see also Sterling v. Tenet*, 416 F.3d 338, 344 (4th Cir. 2005) ("Courts are not required to play with fire and chance further disclosure – inadvertent, mistaken, or even intentional – that would defeat the very purpose for which the privilege exists."), *cert. denied sub nom. Sterling v. Goss*, 546 U.S. 1093 (2006). Thus, in light of the government's representation that it is considering whether to participate in this case, potentially by asserting the state secrets privilege, this court should, as in *El-Masri*, temporarily stay the Defendant's duty to respond to the complaint to eliminate any risk of disclosure of sensitive information that the United States may seek to protect in this litigation.

Moreover, the government's proposal to make that determination by October 19, 2007 is reasonable because the privilege "is not to be lightly invoked." *Reynolds*, 345 U.S. at 8. Rather, such a decision would involve substantial conferral and, ultimately, personal consideration by the head of any relevant agency. *See Reynolds*, 345 U.S. at 7-8; *Kasza v. Browner*, 133 F.3d 1159, 1169 (9th Cir. 1998); *Halkin v. Helms*, 690 F.2d 977, 991 (D.C. Cir. 1982). If the United States

Statement of Interest of the United States
Case No. C-07-02798-JW         -5-

does choose to intervene, it would require detailed filings explaining to this Court the reasons for asserting the state secrets privilege; the preparation of such materials would require the utmost care to ensure proper handling of classified information. All of these circumstances require more time than is necessary in a typical case, and justify the United States' request for a reasonable stay of Defendant's obligation to respond to the Amended Complaint while the government determines whether, and if so how, to participate.

The parties in this case have already entered a stipulation putting off all discovery until after this Court considers any dispositive motion that the Defendant may file. *See* Docket # 31. Thus, the government's requested stay would not disrupt any ongoing discovery proceedings. Instead, it would enhance this Court's efficient management of its docket by allowing it to determine the order and form of further proceedings once the Court and the parties know whether the United States will participate and whether it will assert the state secrets privilege. *Cf. Fitzgerald v. Penthouse Int'l, Ltd.*, 776 F.2d 1236, 1243 (4th Cir. 1985) ("Once the state secrets privilege has been properly invoked, the district court must consider whether and how the case may proceed in light of the privilege.").

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court stay Defendant's obligation to answer or otherwise respond to the Complaint until after this Court considers any filings that the United States may make in connection with the litigation, including a possible assertion of the state secrets privilege. In the event the government chooses to participate in this litigation, it will file its submissions on or before October 19, 2007. In the event that the United States determines prior to October 19, 2007 that it will not participate in this action, it will immediately inform this Court of that decision so that proceedings may be expeditiously resumed.

Respectfully Submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

Statement of Interest of the United States
Case No. C-07-02798-JW                     -6-

SCOTT N. SCHOOLS
United States Attorney

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

VINCENT M. GARVEY
Deputy Director, Federal Programs Branch

*/s/ Michael. P. Abate*
MICHAEL P. ABATE
Trial Attorney
michael.abate@usdoj.gov
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20001
Phone:      (202) 616-8209
Fax:        (202) 616-8470

Attorneys for the United States of America

Dated: September 6, 2007