1  DANIEL P. COLLINS (SBN 139164)
   Daniel.Collins@mto.com
2  PAUL J. WATFORD (SBN 183283)
   Paul.Watford@mto.com
3  JOSEPH S. KLAPACH (SBN 206345)
   Joseph.Klapach@mto.com
4  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, 35th Floor
5  Los Angeles, CA  90071-1560
   Telephone:     (213) 683-9100
6  Facsimile:      (213) 687-3702

7  Attorneys for Defendant
   JEPPESEN DATAPLAN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| BINYAM MOHAMED; ABOU ELKASSIM BRITEL; AND AHMED AGIZA, Plaintiffs, vs. JEPPESEN DATAPLAN, INC., Defendant. | CASE NO.  C 07-2798 JW **DEFENDANT'S MOTION TO CHANGE TIME IN LIGHT OF THE UNITED STATES' RECENTLY FILED STATEMENT OF INTEREST** **[Civil Local Rule 6-3]** |
|---|---|

Pursuant to Civil Local Rule 6-3, Defendant Jeppesen DataPlan, Inc. ("Defendant") respectfully requests that, in light of the Statement of Interest filed by the United States in this case earlier today, the Court should enlarge the time within which Defendant must respond to the First Amended Complaint ("FAC") to the later of (a) ten (10) days after the Court enters an order disposing of any motion to dismiss that may be filed by the United States; or (b) November 2, 2007. As the United States has explained in its Statement, this modest adjustment to the schedule would allow the Court first to resolve the potential threshold issue whether this action must be dismissed on the pleadings based on the state secrets privilege.

## I.   FACTUAL BACKGROUND

### A.   The Current Schedule in This Action

The original Complaint in this action was filed on May 30, 2007. The Complaint was served on June 11, 2007, and a response would therefore initially have been due on Monday, July 2, 2007. *See* Fed. R. Civ. P. 6(a), 12(a)(1)(A). However, on June 25, 2007, counsel for Plaintiffs[1] informed counsel for Defendant that Plaintiffs intended to amend the Complaint pursuant to Fed. R. Civ. P. 15(a) and to file and serve an amended complaint on or before July 25, 2007.[2] In light of the forthcoming amended complaint, the parties filed a stipulation pursuant to Local Rule 6-1(a) to extend the time within which Defendant was required to respond to the Complaint until August 13, 2007—a date that would correspond to the normal due date under the rules for responding to an amended complaint that was filed on July 25, 2007. *See* Collins Decl., Ex. A; *see also* Fed. R. Civ. P. 6(a), (e), 15(a). However, counsel for Plaintiffs later informed counsel for Defendant that Plaintiffs required additional time to complete their amendment of the Complaint, and the First Amended Complaint ("FAC") was filed on August 1, 2007.[3] Under the Rules, Defendant's response to the FAC would have been due, without extension, on Monday, August 20, 2007. *See* Fed. R. Civ. P. 6(a), (e), 15(a).

---

[1] The First Amended Complaint, filed July 25, 2007, added two new Plaintiffs.

[2] *See* Declaration of Daniel P. Collins (filed concurrently herewith) ("Collins Decl."), Ex. A ("Stipulation Under Local Rule 6-1(a) Extending the Time to Respond to the Complaint," filed June 26, 2007).

[3] *See* Collins Decl., Ex. B ("Stipulation and Order Re: Briefing on Motion to Dismiss," entered on August 14, 2007).

1    In light of the complexity of the issues raised by the FAC, however, the parties submitted
2  a stipulation, which this Court approved (subject to certain other modifications), extending that
3  due date by 30 days until September 19, 2007. Collins Decl., Ex. B. The Court's Order also
4  deferred the "Initial Case Management Conference and Joint Case Management Statement
5  provided for by Local R. 16-9 and 16-10, all disclosures pursuant to Fed. R. Civ. P. 26(a), the
6  Rule 26(f) conference, and the ADR Certifications provided for by Local R. 16-8" until the Court
7  has issued a final ruling upon any motion under Fed. R. Civ. P. 12.

8    **B.    The United States' Statement of Interest**

9    On August 30, 2007, the undersigned counsel (Mr. Collins) communicated by telephone
10  with Michael Abate of the Civil Division at the U.S. Dept. of Justice, who informed Mr. Collins
11  that the U.S. was considering whether to participate in the action, that it anticipated being able to
12  file its papers one way or the other on October 19, 2007, and that he wanted to know whether the
13  parties would be willing to enter into a stipulation that would postpone Defendants' answer date
14  until after that. *See* Collins Decl., ¶ 5. Mr. Collins stated that he would raise the matter with his
15  client and with Plaintiffs' counsel. *Id*.

16    Subsequently, Plaintiffs' counsel ultimately informed Mr. Collins that Plaintiffs would not
17  agree to any such stipulation, and Plaintiffs' counsel confirmed the Plaintiffs' opposition in a
18  subsequent email to Mr. Abate and Mr. Collins. *Id*., ¶¶ 6-7. Plaintiffs explained, *inter alia*, that
19  in their view the Government had not justified its request for more time; that it was Plaintiffs'
20  view that the state secrets privilege was not relevant at the pleadings stage, and that the Fourth
21  Circuit's contrary conclusion in the *El-Masri* case (in which a cert. petition is pending) was
22  wrong; and that they believed that a state secrets motion would be premature if the Defendant
23  were to file a motion to dismiss rather than an answer. *Id*., ¶ 7.

24    Earlier today, on September 6, 2007, the United States filed a formal Statement of Interest
25  in which it specifically requests that this Court "stay Defendant's obligation to answer or
26  otherwise respond to the Complaint until after this Court considers any filings that the United
27  States may make in connection with the litigation, including a possible assertion of the state
28  secrets privilege." *See* Collins Decl., Ex. C at 6.

**II.   IN LIGHT OF THE U.S.' STATEMENT OF INTEREST, THE COURT SHOULD POSTPONE DEFENDANTS' DUE DATE FOR RESPONDING TO THE COMPLAINT**

In light of the United States' Statement of Interest formally advising the Court that it is considering whether to "assert the military and state secrets privilege" in this action, *see* Collins Decl., Ex. C at 2, the Court should adjust the schedule in this action so that any such threshold issue is resolved first.[4] As the United States notes, *id*. at 4, that was the course followed by the district court in a closely related case in which the United States ultimately did assert the state secrets privilege and moved for dismissal of the action. *El-Masri v. Tenet*, 437 F. Supp. 2d 530 (E.D. Va. 2006) (granting motion and dismissing action), *aff'd*, 479 F.3d 296 (4th Cir. 2007), *petn. for cert. filed*, 75 U.S.L.W. 3363 (May 30, 2007).

As noted above, counsel for Plaintiffs here (who are the same counsel who represent El-Masri) have taken the position that no adjustment of the schedule is warranted because, in their view, the state secrets privilege cannot properly be invoked *at the pleading stage*. Collins Decl., ¶ 7. Plaintiffs, however, candidly concede that the Fourth Circuit's decision in *El-Masri* is to the contrary, and they note that a petition for certiorari is pending in that case. *Id*. The Plaintiffs' principal basis for opposing the United States' modest scheduling request is thus inextricably bound up with the *very merits* of the motion to dismiss that the United States would file if, by October 19, it does in fact assert the state secrets privilege. Rather than prejudge the merits of the United States' and the Plaintiffs' positions on the propriety of dismissing a case at the pleadings stage based on the state secrets privilege, it seems clear that the more orderly manner of proceeding would be to allow the United States sufficient time to determine whether to assert the privilege (and to prepare the necessary motions papers) and for the Court to determine the merits of that issue, as in *El-Masri*, *before* the Defendant is required to answer.

Plaintiffs also suggest that, despite the United States' possible invocation of the state

---

[4] Although the United States' Statement of Interest requests a "stay" of proceedings, under this Court's Aug. 14, 2007 Order, the only currently scheduled proceeding in this action is Defendants' filing of a response to the FAC; all other discovery and case management events are already stayed pending the filing of that response. *See* Collins Decl., Ex. B. Accordingly, the full relief the United States requests can be effected simply by the Court's issuance of an order, pursuant to Civil Local Rule 6-3, extending Defendants' due date for responding to the FAC.

- 3 -

DEFT.'S MOTION TO CHANGE TIME IN LIGHT OF U.S. STATEMENT OF INTEREST—C 07-2798-JW

1  secrets privilege, no extension of Defendant's due date is warranted because Plaintiffs expect that
2  Defendant's response to the FAC will be a motion to dismiss rather than an answer. *See* Collins
3  Decl., ¶ 7. The logic of this argument is difficult to follow. If the United States asserts the state
4  secrets privilege on October 19 and is correct in arguing (as in *El-Masri*) that the privilege
5  *precludes* the Defendant from ever filing an answer admitting or denying the allegations of the
6  complaint, then it would be a pointless exercise for the parties and the Court simultaneously to
7  expend resources addressing the novel and difficult issues that would be raised by a defense
8  motion to dismiss. If (because of the state secrets privilege) no answer can ever be filed in the
9  action, then it is irrelevant whether the case could also have been dismissed on other grounds.

10  More fundamentally, Plaintiffs' argument overlooks the fact that none of the previous
11  stipulations that have been filed in this matter have committed the Defendant to filing a motion to
12  dismiss rather than an answer. *See* Collins Decl., Exs. A-B. Whether to answer or file a motion
13  to dismiss is, under the Rules, the Defendant's decision to make, and Plaintiffs cannot force the
14  Defendant to choose one option over the other. The United States' possible invocation of the
15  state secrets privilege places Defendant in a very difficult position: the United States has made
16  clear that it may take the view that Defendant must *not* file an answer to the complaint, lest the
17  answer encroach upon the state secrets privilege. But even a motion to dismiss could conceivably
18  contain assertions that have the same effect, and Defendants can hardly be expected—simply
19  because of Plaintiffs' scheduling preferences—to submit its draft papers for review and clearance
20  by the United States. Moreover, where, as here, it is now clear that the prospect of Defendant's
21  filing of an answer could cause the United States to assert the state secrets privilege, there are
22  powerful reasons *not* to file a motion to dismiss: why should the Defendant waste its own (and
23  the Court's) time and resources litigating a complex motion to dismiss *in a case that, because of*
24  *possible assertion the state secrets privilege, may never proceed forward on the merits?* Simple
25  efficiency dictates that, if no answer can ever be filed, the parties and the Court should resolve
26  that issue first. Any other course merely consumes substantial resources while postponing the
27  inevitable.

28  In contrast to this prejudice to Defendant, who would be required to expend substantial

1 resources while caught in the cross-fire between Plaintiffs and the United States, there is no
2 substantial prejudice to Plaintiffs from the modest scheduling adjustment that the United States
3 has requested. If the case should in fact be dismissed on the grounds of the state secrets privilege,
4 then the Plaintiffs will not have suffered any prejudice from Defendant's not having responded to
5 the complaint. If the case is not dismissed on state secrets grounds (or the United States decides
6 not to assert the privilege), then the delay in the schedule is sufficiently modest that it would not
7 prejudice Plaintiffs. Indeed, most of the delay that has already occurred in the schedule has been
8 occasioned by Plaintiffs' amendment of the original complaint some eight weeks after the original
9 complaint was filed.

## III. CONCLUSION

For the foregoing reasons, the Court should extend Defendant's due date for responding to the complaint until the later of (a) ten (10) days after the Court enters an order disposing of any motion to dismiss that may be filed by the United States; or (b) November 2, 2007.[5]

DATED: Sept. _____, 2007                             MUNGER, TOLLES & OLSON LLP

                                                    By:_____
                                                            Daniel P. Collins

                                                    Attorneys for Defendant
                                                    JEPPESEN DATAPLAN, INC.

---

[5] If on October 19, 2007, the United States determines *not* to assert the state secrets privilege, Defendant would respectfully request a modest period of 14 days at that point to finalize and file its response to the complaint. Defendant would, at that point, promptly meet and confer with the Plaintiffs to determine dates certain for the remainder of the schedule and submit a proposal to the Court for its approval.

- 5 -

DEFT.'S MOTION TO CHANGE TIME IN LIGHT OF U.S. STATEMENT OF INTEREST—C 07-2798-JW