STEVEN M. WATT* swatt@aclu.org
BEN WIZNER (SBN 215724) bwizner@aclu.org
ALEXA KOLBI-MOLINAS* akolbi-molinas@aclu.org
JAMEEL JAFFER* jjaffer@aclu.org
STEVEN R. SHAPIRO* sshapiro@aclu.org
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY, 10004
Tel. 212.549.2500 / Fax 212.549.2651

ANN BRICK (SBN 65296) abrick@aclunc.org
ACLU FOUNDATION OF
NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA, 94111
Tel. 415.621.2493 / Fax 415.255.1478

Additional Counsel Listed on Next Page

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTHERN CALIFORNIA
### San Jose Division

**BINYAM MOHAMED;**
**ABOU ELKASSIM BRITEL;**
**AHMED AGIZA;**
**MOHAMED FARAG AHMAD BASHMILAH;**
**BISHER AL-RAWI**

**Plaintiffs,**

v.

**JEPPESEN DATAPLAN, INC.**

**Defendant.**

Civil Action No. 5:07-cv-02798 (JW)

**PLAINTIFFS' OPPOSITION TO UNITED STATES' REQUEST FOR A STAY AND DEFENDANT'S MOTION TO CHANGE TIME**

CLIVE STAFFORD SMITH*† clivess@mac.com
ZACHARY KATZNELSON† (SBN 209489)
Zachary@reprieve.org.uk
REPRIEVE
PO Box 52742
London EC4P 4WS
England
Tel. +44 (0)207 353 4640 / Fax +44 (0)207 353 4641

PAUL HOFFMAN (SBN 71244) hoffpaul@aol.com
SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
732 Ocean Front Walk, Suite 100
Venice, CA, 90291
Tel. 310.999.7040, ext. 4 / Fax 310.999.7040

HOPE METCALF* hope.metcalf@yale.edu
NATIONAL LITIGATION PROJECT
ALLARD K. LOWENSTEIN INTERNATIONAL
HUMAN RIGHTS CLINIC
YALE LAW SCHOOL
127 Wall Street
New Haven, CT, 06520
Tel. 203.432.9404 / Fax 203.432.9128

MARGARET L. SATTERTHWAITE*++ satterth@juris.law.nyu.edu
INTERNATIONAL HUMAN RIGHTS CLINIC
WASHINGTON SQUARE LEGAL SERVICES, INC.
NEW YORK UNIVERSITY SCHOOL OF LAW
245 Sullivan Street
New York, NY 10012
Tel. 212.998.6657 / Fax 212.995.4031

**Attorneys for Plaintiffs BINYAM MOHAMED, ABOU ELKASSIM BRITEL, AHMED AGIZA, MOHAMED FARAG AHMAD BASHMILAH, and BISHER AL-RAWI**
*Admitted *Pro Hac Vice*
†Attorneys for and on behalf of Plaintiff BINYAM MOHAMED only
++ Attorney for and on behalf of Plaintiff MOHAMED FARAG AHMAD BASHMILAH only.

Plaintiffs respectfully request that this Court deny as premature the United States' request for a stay of proceedings, and deny Defendant's motion to alter the stipulated briefing schedule. Defendant Jeppesen Dataplan, Inc., has already signaled that it intends to assert a legal defense by way of dispositive motion. If it does so, then an assertion by the United States of the evidentiary state secrets privilege -- before there is any evidence at issue -- would be premature as a matter of law,[1] and the United States can show no prejudice to its interests. If Jeppesen intends to answer the complaint, then the United States may well have an interest in being party to the proceedings at this stage. Given that Jeppesen's response date is but days away, it is unlikely that it does not know which course it plans to follow. Accordingly, Plaintiffs respectfully request that this Court deny the requests by the United States and Jeppesen and order Defendant either to file a motion to dismiss on the stipulated date, or advise the Court that it intends to answer the complaint. In the event that Defendant elects to forego the filing of a motion to dismiss, Plaintiffs respectfully suggest that the Court set a status conference to discuss the scheduling issues raised by the United States' submissions.

I.  Statement of Facts

Plaintiffs accept as accurate the recitation of facts included in Defendant's Motion to Change Time, at pages 1 and 2, with one addition. When Plaintiffs' counsel informed Defendant's counsel that Plaintiff was unlikely to consent to a modification of

---

[1] Plaintiffs acknowledge that *El-Masri v. United States,* 479 F.3d 296 (4th Cir. 2007), is to the contrary. The petition for certiorari in that case is available at http://www.aclu.org/safefree/torture/29917lgl20070530.html.

1

the schedule in order to facilitate the United States' premature intervention into the case, Plaintiffs' counsel further suggested that the Plaintiffs might be amenable to a modification in the event that all interested parties agreed jointly to request a status conference to consider the issues raised by the United States' proposed intervention. *See* Wizner Decl., ¶ 4. Defendant's counsel did not respond to this suggestion, but stated that he would report to counsel for the United States the content of the discussion between Plaintiffs and Defendant. *Id.*

II.     The United States' Proposed Intervention is Premature

On August 7, 2007, Plaintiffs and Defendant submitted a stipulation and proposed order setting forth a schedule for Defendant's response to Plaintiffs' First Amended Complaint, as well as for subsequent briefing should that response be a motion to dismiss. *See* Collins Decl., Ex. B. In presenting the reasons for an extension of the time periods provided by the rules, the stipulation set forth a detailed recitation of some of the "complex legal issues" that would require briefing should Defendant move to dismiss the complaint under Rule 12, including: "whether the nature of Plaintiffs' claims (which are based on alleged U.S. intelligence activities overseas) renders this case nonjusticiable; whether Plaintiffs have alleged a norm of international law that is actionable under the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS"), in light of the standards established by the Supreme Court in *Sosa v. Alvarez-Machain,* 542 U.S. 692 (2004); and whether a corporate entity such as Defendant can be held liable under the ATS for alleged violations of international law purportedly committed by agents of, inter alia, the United States, Sweden, Morocco, and Egypt . . . ." Collins Decl. Ex. B. Three

2

additional paragraphs of the stipulation are predicated on Defendant's filing of a motion to dismiss, including the summation that "the parties respectfully submit that the proposed schedule set forth below will enable them to fully and fairly brief a motion under Fed. R. Civ. P. 12 . . . ." *Id.*

Defendant is correct that "none of the previous stipulations that have been filed in this matter have committed the Defendant to filing a motion to dismiss rather than an answer," Def.'s Motion to Change Time at 4, but Defendant does not suggest that it intends to answer the complaint, nor even that it has not yet made up its mind how to respond, less than two weeks from the date on which its response is due. If, as Plaintiffs believe, Defendant intends to file a motion to dismiss, the issues raised will be legal as opposed to factual. There is no reason to stay proceedings to permit the United States to assert an *evidentiary* privilege, or to delay the adjudication of that motion. In considering a motion to dismiss a complaint for failure to state a claim, a court "must accept [plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Accordingly, the United States' central assertion – that, "[a]s a general rule, the United States does not . . . confirm or deny allegations of clandestine intelligence activities," Statement of Interest of the United States, at 3 – cannot be implicated by litigation of a motion to dismiss, where neither the United States nor any other party admits or denies anything.[2]

---

[2] Defendant offers no explanation for its assertion that "even a motion to dismiss could conceivably contain assertions" that "encroach upon the state secrets privilege." Def.'s Motion at 4.

3

Indeed, the district court in *Arar v. Ashcroft,* 414 F. Supp. 2d 250 (E.D.N.Y. 2006), a suit alleging the involvement of U.S. officials in the rendition to torture of a Canadian citizen, had before it several motions to dismiss, including a motion by the United States asserting that the central claims should be dismissed pursuant to the state secrets privilege. The court elected to address the substantive legal motions first:

> I determined that before addressing the state-secrets privilege, it would be more appropriate to resolve the motions to dismiss the statutory and constitutional claims because it was not clear how the confidentiality of such information could be maintained without prejudicing my ability to hear and fairly respond to plaintiff's arguments. Now that those Counts have been dismissed on other grounds, the issue involving state secrets is moot.

*Arar,* 414 F. Supp. 2d at 287.

This court should do the same. There is a critical distinction between adjudicating substantive motions to dismiss between the parties, and permitting the United States to move to extinguish a plaintiff's right of access to the courts in the name of the greater good. As courts have recognized, "denial of the forum provided under the Constitution for the resolution of disputes . . . is a drastic remedy." *Fitzgerald v. Penthouse Internat'l, Ltd.,* 776 F.2d 1236, 1242 (4th Cir. 1985). Where, as here, the effect of the United States' premature assertion of the state secrets privilege would be to delay, and potentially circumvent, the adjudication of substantial legal issues involving the enforceability of international legal norms prohibiting torture and enforced disappearances, the equities weigh even more heavily towards permitting the parties to litigate matters that do not, and cannot, implicate state secrets.

Finally, Defendant's efficiency arguments are misplaced. However this case proceeds, it appears that the Court will be considering a motion to dismiss, whether

4

submitted by Defendant or by the United States, and it cannot be predicted which course will be the more efficient. Either motion could be granted or denied, as demonstrated by two recent cases in this circuit involving the United States' assertion of the state secrets privilege with respect to classified intelligence programs. *See Hepting v. AT & T Corporation*, 439 F. Supp. 2d 974, 994 (N.D.Cal. 2006) (finding it "premature" to decide which facts were relevant and necessary to claims and defenses "at the present time," and holding that plaintiffs were "entitled to at least some discovery," after which privilege could be assessed "in light of the facts"); *Al-Haramain Islamic Foundation, Inc. v. Bush*, 451 F. Supp. 2d 1215, 1226 (2006) (court was "not yet convinced that [allegedly privileged] information [was] relevant to the case and [would] need to be revealed"). Whether the Court ultimately will adjudicate both motions to dismiss depends on their merits, not on the order of their submission. And Defendant cannot fairly claim prejudice from being compelled to respond to Plaintiff's complaint pursuant to a stipulated schedule: that is, after all, the ordinary course of a civil lawsuit.

## CONCLUSION

Based on the current state of the record, neither the United States nor Jeppesen has provided the Court with good reason not to proceed as the parties have already agreed. This Court should not alter the stipulated schedule on the ground that Defendant *might* elect to answer the complaint. Jeppesen should be required to make that decision, as originally agreed, by September 19. In the event that Jeppesen elects to forego filing a motion to dismiss, the Court should set a status conference to resolve the issues raised by the United States' submissions.

Respectfully submitted,

    /s/ Ben Wizner
BEN WIZNER, SBN 215724
STEVEN M. WATT
ALEXA KOLBI-MOLINAS
JAMEEL JAFFER
STEVEN R. SHAPIRO
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel. 212.519.7870
Fax 212.549.2629

ANN BRICK, SBN 65296
American Civil Liberties Union Foundation
of Northern California
39 Drumm Street
San Francisco, CA, 94111
Tel. 415.621.2493
Fax 415.255.1478

*CLIVE STAFFORD-SMITH
*ZACHARY KATZNELSON, SBN 209489
Reprieve
PO Box 52742
London EC4P 4WS
England
Tel. +44 (0)207 353 4640
Fax +44 (0)207 353 4641

PAUL HOFFMAN, SBN 71244
Schonbrun DeSimone Seplow Harris &
Hoffman LLP
723 Ocean Front Walk, Suite 100
Venice, CA  90291
Tel. 310.396.0731, ext. 4
Fax 310.399.7040

HOPE METCALF
National Litigation Project
Allard K. Lowenstein International
Human Rights Clinic
Yale Law School
127 Wall Street
New Haven, CT 06520
Tel. 203.432.9404
Fax 203.432.9128

MARGARET L. SATTERTHWAITE++
International Human Rights Clinic
Washington Square Legal Services, Inc.
New York University School of Law
245 Sullivan Street
New York, NY 10012
Tel. 212.998.6657 / Fax 212.995.4031

\* For and on behalf of Plaintiff BINYAM MOHAMED only
++ For and on behalf of Plaintiff MOHAMED FARAG AHMAD BASHMILAH only

7