1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  SCOTT N. SCHOOLS
   United States Attorney
3  CARL J. NICHOLS
   Deputy Assistant Attorney General
4  JOSEPH H. HUNT
   Director, Federal Programs Branch
5  VINCENT M. GARVEY
   Deputy Director, Federal Programs Branch
6  MICHAEL P. ABATE
   Trial Attorney
7  michael.abate@usdoj.gov
   U.S. Department of Justice
8  Civil Division, Federal Programs Branch
   20 Massachusetts Avenue, NW
9  Washington, DC 20001
   Phone:        (202) 616-8209
10 Fax:          (202) 616-8470
   Attorneys for the United States of America

11

12                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
13                        San Jose Division

14 BINYAM MOHAMED;                    )
   ABOU ELKASSIM BRITEL;              )
15 AHMED AGIZA;                       )
   MOHAMED FARAG AHMAD                )
16 BASHMILAH;                         )
   BISHER AL-RAWI                     )
17                                    )    Case No. C-07-02798-JW
                                      )
18          Plaintiffs,               )
                                      )    NOTICE OF MOTION AND
19                                    )    MOTION TO INTERVENE
          v.                          )
20                                    )
   JEPPESEN DATAPLAN, INC.            )    Judge:          Hon. James Ware
21                                    )    Hearing Date:   February 4, 2008
                                      )    Hearing Time:   9:00 AM
22                                    )    Courtroom:      8, 4th Floor
          Defendant.                  )
23 _____   )

24

25

26

27

28 United States' Notice of Motion and
   Motion to Intervene, Case No. C-07-02798-JW

## NOTICE OF MOTION AND MOTION TO INTERVENE

PLEASE TAKE NOTICE that, on February 4, 2008, before the Honorable James Ware, intervenor United States of America will move and hereby does move, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, for an order allowing the United States to intervene in this action for the purpose of seeking dismissal. The grounds in support of this motion are set out in the United States' memorandum below.

## MEMORANDUM OF SUPPORTING POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs bring this action under the Alien Tort Statute, 28 U.S.C. 1350 ("ATS"), alleging that agents of the United States and foreign governments, with the assistance of defendant Jeppesen Dataplan Inc., subjected them to "forced disappearance, torture, and inhumane treatment" as part of the Central Intelligence Agency's "so-called 'extraordinary rendition" program." First Amended Compl. ¶¶ 1-2. Through the present motion, the United States seeks to intervene in this action, pursuant to Federal Rule of Civil Procedure 24(a), for the purpose of seeking dismissal of this action. For the reasons set forth below, the United States clearly meets all the requirements for intervention under Rule 24(a): (1) its application for intervention is timely; (2) the United States has a significantly protectable interest relating to the subject matter of this action, *i.e.*, the preservation of state secrets, as set forth in its separate assertion of the military and state secrets privilege, and the protection of information covered by a statutory privilege; (3) the United States needs to intervene because this action challenges alleged Central Intelligence Agency ("CIA") clandestine intelligence activities; and (4) no other party in this lawsuit could adequately represent the United States' interest. Accordingly, the United States' motion to intervene should be granted.

## PLAINTIFFS' CLAIMS AGAINST JEPPESEN

Each of the five plaintiffs in this action alleges that he was arrested, transported, detained, and interrogated as part of the CIA's terrorist detention and interrogation program. Plaintiffs contend that they were subject to "forced disappearance, torture, and inhumane treatment . . . by agents of the

United States and other governments." First Amended Compl. ¶ 1.  Plaintiffs further allege that defendant Jeppesen "provided direct and substantial services to the United States for its so-called 'extraordinary rendition' program, enabling the clandestine and forcible transportation of terrorism suspects to secret overseas detention facilities where they were placed beyond the reach of the law and subjected to torture and other forms of cruel, inhuman, or degrading treatment." *Id.* ¶ 2.

The First Amended Complaint contains two discrete claims for relief.  Each arises under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, which states that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."

The first ATS claim alleges that Jeppesen is liable for Plaintiffs' forced disappearance. Plaintiffs contend that Jeppesen is "directly liable" for this alleged violation of international law, because it "actively participated in numerous aspects of the logistical planning and implementation of the extraordinary renditions of Plaintiffs, with actual or constructive knowledge that its involvement would result in the secret apprehension and detention of Plaintiffs."  First Amended Compl. ¶ 254.  In addition, or in the alternative, Plaintiffs also assert that Jeppesen is liable under the ATS because it "conspired with agents of the United States in Plaintiffs' forced disappearance," because it "aided and abetted agents of the United States, Morocco, Egypt and Jordan in subjecting Plaintiffs to such treatment," and/or because it "demonstrated reckless disregard as to whether Plaintiffs would be subject to forced disappearance." *Id.* ¶ 255-57.

The second ATS claim alleges that Jeppesen is liable for Plaintiffs' alleged "torture and other cruel, inhuman, or degrading treatment by agents of the United States, Morocco, and Egypt." *Id.* ¶ 260.  Unlike the first count, this claim does not allege that Jeppesen is directly liable for the alleged tort.  Instead, it relies on the same indirect theories of liability that were advanced as alternative bases of liability in the first claim: namely, that Jeppesen "conspired with agents of the United States in Plaintiffs' torture and other cruel, inhuman, or degrading treatment, including their rendition to Morocco, Egypt, and Afghanistan," that it "aided and abetted agents of the United States, Morocco

and Egypt in subjecting Plaintiffs to such treatment," and/or that it "demonstrated a reckless disregard as to whether Plaintiffs would be subjected to torture or other cruel, inhuman, or degrading treatment by providing flight and logistical support to aircraft and crew it knew or reasonably should have known would be used in the extraordinary rendition program." *Id.* ¶¶ 262-64.

## ARGUMENT

### THE UNITED STATES IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). A potential intervenor must meet four requirements to satisfy Rule 24(a): "(1) the application for intervention must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001) (citing *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996)). The Ninth Circuit generally construes Rule 24(a) liberally in favor of potential intervenors. *Southwest Ctr. for Biological Diversity*, 268 F.3d at 818; *see also United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) ("[T]he requirements for intervention are broadly interpreted in favor of intervention"). The United States clearly meets all the standards for intervention.

First, there should be no question that the Government's motion to intervene is timely within the meaning of Rule 24. "In determining whether a motion for intervention is timely, we consider three factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin*

1    *American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *County of Orange v. Air*

2    *California*, 799 F.2d 535, 537 (9th Cir. 1986)).  This case is only in its initial stages.  Plaintiffs filed

3    their First Amended Complaint on August 1, 2007.  *See* Docket No. 27. On August 7, 2007, the

4    parties stipulated that defendant should have until September 19, 2007 to respond to that First

5    Amended Complaint.  On September 6, 2007, the United States filed a Statement of Interest

6    informing this Court that it was considering whether, and if so, how, it would participate in this

7    action, including whether it would assert the state secrets privilege.  *See* Docket No. 34.  The United

8    States further informed this Court that it would make that determination, and file any motions, by

9    October 19, 2007.  *Id.*  In light of that Statement of Interest, defendant filed a Motion for Extension

10   of Time to File its Answer.  *See* Docket No. 35.  On September 11, 2007, this Court granted

11   defendant's Motion, deferring its duty to answer until the later of: (a) ten (10) days after the Court

12   enters an order disposing of any motion to dismiss that may be filed by the United States in this

13   action; or (b) November 2, 2007.  *See* Docket No. 41.  Because no dispositive motions have been

14   filed in this case, and no hearings are currently scheduled, there can be no dispute that this motion

15   is timely.

16          Second, the United States clearly has an interest relating to the subject matter of this action.

17   This case involves allegations concerning clandestine intelligence activities allegedly conducted by

18   the Central Intelligence Agency.  The United States has asserted the state secrets privilege and

19   statutory privileges in this matter, and is hereby moving to intervene for the purpose of moving to

20   dismiss or, in the alternative, for summary judgment.  Because the lawsuit challenges alleged

21   intelligence activities of the United States and because the United States has asserted the state secrets

22   privilege and a statutory privilege over information at issue, the Government's interest satisfies

23   requirements of Rule 24(a).

24          Third, for these very reasons--that the lawsuit challenges alleged activities of the United

25   States and that the United States has asserted the state secrets privilege and statutory privileges--the

26   United States is simultaneously seeking dismissal or, in the alternative, summary judgment.  It is

27

28   United States' Notice of Motion and
     Motion to Intervene, Case No. C-07-02798-JW         -4-

1   appropriate to permit the United States to intervene to seek such dismissal. *See Zuckerbraun v.*

2   *General Dynamics Corp.*, 935 F.2d 544, 546-48 (2d Cir. 1991) (United States intervened and

3   successfully sought dismissal of the action based on the assertion of the state secrets privilege)*;*

4   *Fitzgerald v. Penthouse Int'l, Ltd.*, 77 F.2d 1236, 1239 (4th Cir. 1985) (court allowed intervention

5   where United States had a national interest in proceedings); *see also Kasza v. Browner*, 133 F.3d

6   1159, 1166 (9th Cir. 1998) ("'if the very subject matter of the action' is a state secret, then the court

7   should dismiss the plaintiff's action based solely on the invocation of the state secrets privilege")

8   (quoting *United States v. Reynolds*, 345 U.S. 1, 11 n. 26 (1953)).

9        Finally, the United States' interest is not adequately represented by the parties to the

10  litigation. In determining whether a potential intervenor's interests will be adequately represented

11  by an existing party, courts consider: "(1) whether the interest of a present party is such that it will

12  undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and

13  willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary

14  elements to the proceedings that other parties would neglect." *Southwest Ctr. for Biological*

15  *Diversity*, 268 F.3d at 822.  The intervenor's burden of showing that the existing parties may not

16  adequately represent its interest is "minimal," and the potential intervenor "need only show that

17  representation of its interests by existing parties 'may be' inadequate." *Id*. at 822-23 (citing *Trbobich*

18  *v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)). The court's focus should be on the

19  "subject of the action." *Southwest Center for Biological Diversity*, 268 F.3d at 823 (citation

20  omitted).  None of the parties has either the obligation or the ability to assert the state secrets

21  privilege or specified statutory privilege in this litigation. The privilege belongs to the Government

22  alone and cannot be asserted by private citizens. *See Reynolds*, 345 U.S. at 7-8 (state secrets privilege

23  must be asserted by head of department which has control over the information at issue).

24        Indeed, the parties are not aware of the breadth of the information covered by the privilege

25  assertions, and because information covered by the privilege is classified, they would, in any event,

26  be unable to present the issues to the Court effectively and properly. Moreover, the parties' interest

27

28  United States' Notice of Motion and
    Motion to Intervene, Case No. C-07-02798-JW        -5-

may well be in the *disclosure* of state secrets to the extent that doing so might assist them in presenting their claims or defenses fully to vindicate their own private interests. Thus, only the United States is in a position to protect against the disclosure of information over which it has asserted the state secrets privilege, and the United States is the only entity properly positioned to explain to the Court why continued litigation of the matter threatens the national security. Accordingly, the United States should be permitted to intervene for the purpose of moving to dismiss this action on state secrets privilege grounds.

Having satisfied the requirements of Rule 24(a), the United States should be allowed to intervene as of right.[1]

## CONCLUSION

Accordingly, the United States respectfully requests that the Court grant its motion to intervene pursuant to Fed. R. Civ. P. 24(a).

Respectfully Submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

SCOTT N. SCHOOLS
United States Attorney

CARL J. NICHOLS
Deputy Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

VINCENT M. GARVEY
Deputy Director, Federal Programs Branch

*/s/ Michael. P. Abate*
MICHAEL P. ABATE
Trial Attorney
michael.abate@usdoj.gov

---

[1] In the alternative, Rule 24(b) allows for permissive intervention where the motion is timely, the party has an interest in the litigation, and there is no undue delay or prejudice to the parties in allowing the intervention. *See* Fed. R. Civ. P. 24(b). As the discussion above demonstrates, the Government has met these standards for permissive intervention.

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20001
Phone:          (202) 616-8209
Fax:             (202) 616-8470

*Attorneys for the United States of America*

Dated: <u>October 19, 2007</u>

1

## CERTIFICATE OF SERVICE

2          I hereby certify that the foregoing NOTICE OF MOTION AND MOTION TO

3      INTERVENE will be served by means of the Court's CM/ECF system, which will send

4      notifications of such filing to the following:

5

6      American Civil Liberties Union
       Foundation of Northern California Inc.
7      Ann Brick
       39 Drumm Street
8      San Francisco, CA 94111

9      American Civil Liberties Union
       Jameel Jaffer
10     Steven R Shapiro
       Steven M. Watt
11     Benjamin Elihu Wizner
       125 Broad Street
12     18th Floor
       New York, NY 10004

13

14     International Human Rights Clinic
       Washington Square Legal Services, Inc
       Margaret L. Satterthwaite
15     NYU School of Law
       245 Sullivan Street
16     New York, NY 10012

17     Joseph Scott Klapach
       Attorney at Law
18     355 S. Grand Ave., #3500
       Los Angeles, CA 90071-1560
19

20     Munger Tolles & Olson
       Daniel Paul Collins
       Henry Weissman
21     355 So Grand Ave Ste 3500
       Los Angeles, CA 90071-1560
22

23     National Litigation Project-Allard K. Lowenstein
       International Human Rights Clinic
       Hope R Metcalf
24     Yale Law School
       127 Wall Street
25     New Haven, CT 06520

26

27

28     United States' Notice of Motion and
       Motion to Intervene, Case No. C-07-02798-JW

1    Reprieve
     Zachary Philip Katznelson
2    Clive Stafford Smith
     PO Box 52742
3    London, England, UK EC4P 4WS

4                                                              */s/ Michael P. Abate*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   United States' Notice of Motion and
     Motion to Intervene, Case No. C-07-02798-JW