# EXHIBIT A

Case 5:07-cv-02798-JW    Document 52-2    Filed 12/14/2007    Page 1 of 5



**REGERINGEN**

Regeringsbeslut    I:2

2001-12-18, serie B    UD2001/1528/MAP

Utrikesdepartementet

Ärende angående uppehållstillstånd m.m.

### Regeringens beslut

Regeringen avslår Ahmed Agizas, Hanan Attias samt deras minderåriga barns, Muhammad, Usama, Husein, Batoul och Kinana Mustafa Kamil, ansökan om uppehålls- och arbetstillstånd samt flyktingförklaring och resedokument.

Regeringen beslutar att Ahmed Agiza, Hanan Attia samt Muhammad, Usama, Husein, Batoul och Kinana Mustafa Kamil skall avvisas.

Regeringen förbjuder Ahmed Agiza att före den 18 december 2011 återvända till Sverige utan tillstånd av Migrationsverket.

Regeringen förbjuder Hanan Attia samt Muhammad, Usama, Husein, Batoul och Kinana Mustafa Kamil att före den 18 december 2003 återvända till Sverige utan tillstånd av Migrationsverket.

Regeringen förordnar att avvisningen av Ahmed Agiza skall verkställas omgående.

Regeringen förordnar att verkställighet av Hanan Attia samt Muhammad, Usama, Husein, Batoul och Kinana Mustafa Kamil skall ske så snart som möjligt.

Verkställighet skall ske till Egypten. Regeringen bestämmer att avvisningsbesluten skall verkställas av Säkerhetspolisen.

Detta beslut innehåller uppgifter som kan vara belagda med sekretess enligt sekretesslagen (1980:100).

Postadress
103 39 STOCKHOLM
P=Ministry\'5c'5c'5c'3b A=SIL\'5c'5c'5c'3b C=SE

Telefon växel
08-405 10 00

E-post: registrator@foreign.ministry.se
X.400: S=Registrator\'5c'5c'5c'3b O=Foreign\'5c'5c'5c'3b

Besöksadress
Gustav Adolfs torg 1

Telefax
08-723 11 76

Telex
105 90 MINFOR S

2

**Sökande**

Agiza, Ahmed Hussein Mustafa Kamil, f. 621108
Attia, Hanan Ahmed Fouad Abd El Khalek, f. 640713
Mustafa Kamil, Muhammad, f. 871127
Mustafa Kamil, Usama, f. 880905
Mustafa Kamil, Husein, f. 911027
Mustafa Kamil, Batoul, f. 951108
Mustafa Kamil, Kinana, f. 010921

medborgare i Egypten

**Offentligt biträde:**

Olsson, Anders, advokat

**Ärendet**

Ahmed Agiza, hans hustru Hanan Attia och fyra av deras minderåriga barn reste in i Sverige den 23 september 2000 och ansökte om uppehålls- och arbetstillstånd samt flyktingförklaring och resedokument.

Ahmed Agiza har anfört i huvudsak följande under asylutredning. Han har varit gripen i hemlandet och utsatt för tortyr. Hans familj är känd för att vara religiös. Han var aktiv inom den islamiska rörelsen under universitetsstudierna. Han, hustrun och barnen lämnade Egypten 1991 och har därefter vistats i Saudiarabien, Pakistan, Syrien och Iran. De levde i Iran under fem år. Han dömdes i sin frånvaro 1998 av en militärdomstol i hemlandet till livstids straffarbete. Anledningarna till att de lämnade Iran och reste till Sverige var att de vistades där med falska papper och att det inte fanns lagar som skyddade dem där. Ahmed Agiza har i inlagor till Migrationsverket anfört att han är dömd i hemlandet till 25 års fängelse. Det är att likställa med dödsstraff eftersom få personer torde uthärda så lång tid i fängelse. Ahmed Agiza har ingivit och åberopat ett flertal handlingar, artiklar och rapporter.

Hanan Attia har i huvudsak lämnat samstämmiga uppgifter med sin make under asylutredningen. Hon har vidare anfört att hennes man kommer att avrättas och själv kommer hon att hamna i ett fängelse där man misshandlar kvinnor. Deras barn kommer också att drabbas. I inlaga till Migrationsverket har Hanan Attia bl.a. anfört att hon är rädd för att barnen skall råka illa ut. Barnen är uppväxta på flykt.

Utlänningar som är flyktingar enligt 3 kap. 2 § utlänningslagen har rätt till uppehållstillstånd enligt 3 kap. 4 § utlänningslagen. Uppehållstillstånd får enligt nämnda bestämmelses andra stycke 1 dock vägras om det av hänsyn till vad som är känt om utlänningens tidigare verksamhet eller med hänsyn till rikets säkerhet finns synnerliga skäl att inte bevilja uppehållstillstånd. Denna bestämmelse avser dels situationer då det av hänsyn till rikets säkerhet inte är möjligt att ge asyl, dels sådana omständigheter som diskvalificerar utlänningen från skydd enligt 1951 års Genèvekonvention.

FN:s säkerhetsråd antog enhälligt den 28 september 2001 resolutionen 1373. Enligt resolutionen skall de anslutna staterna bl.a. vägra säker tillflyktsort till personer som finansierar, planerar, stödjer eller utför terrorhandlingar eller tillhandahåller sådana tillflyktsorter (artikel 2 c). Säkerhetsrådet uppmanade vidare staterna att, i enlighet med internationella normer för mänskliga rättigheter, vidta erforderliga åtgärder för att försäkra sig om att asylsökande inte har planerat, underlättat eller deltagit i utförandet av terrorhandlingar (artikel 3 f). Vidare skall staterna försäkra sig om att rätten till flyktingstatus inte missbrukas av personer som har begått, organiserat eller underlättat utförandet av terroristhandlingar (artikel 3 g).

Mot bakgrund av de uppgifter Säkerhetspolisen har redovisat anser regeringen att det är utrett att Ahmed Agiza har haft en ledande ställning i en organisation som har gjort sig skyldig till terrorhandlingar och att han kan anses som ansvarig för den aktuella organisationens verksamhet. Mot bakgrund av detta och med beaktande av den information som finns om organisationens syfte och verksamhet finner regeringen att Ahmed Agiza skall vägras skydd med hänvisning till 3 kap. 4 § andra stycket 1 utlänningslagen. Hans ansökningar om flyktingförklaring och resedokument skall således avslås.

Hanan Attia och barnen har hänvisat till Ahmed Agizas asylskäl. Hanan Attia har inte själv, såvitt framgår, varit självständigt politiskt verksam. Med hänsyn härtill, och med beaktande av de speciella omständigheter i form av garantier som föreligger i detta ärende, anser regeringen inte att Hanan Attia och barnen är flyktingar enligt 3 kap. 2 § utlänningslagen. Deras ansökningar om flyktingförklaring och resedokument skall således avslås.

Med hänsyn till de garantier som lämnats finner regeringen inte heller att det för någon av de sökande föreligger sådan grund för uppehållstillstånd som anges i 3 kap. 3 § första stycket 1 utlänningslagen. Sveriges folkrättsliga förpliktelser enligt bl.a. FN:s konvention mot tortyr m.m. och Europakonventionen om mänskliga rättigheter föranleder, enligt regeringens mening, inte någon annan bedömning.

Det finns inte heller i övrigt skäl att bevilja Ahmed Agiza, Hanan Attia samt Muhammad, Usama, Husein, Batoul och Kinana Mustafa Kamil uppehållstillstånd i Sverige. De skall därför avvisas enligt 4 kap. 1 § första

stycket 2 utlänningslagen. Hinder mot verkställighet kan mot bakgrund av de garantier som den svenska regeringen har erhållit inte anses föreligga.

Vid en avvägning mellan olika intressen och med beaktande av bl.a. barnens relativt korta vistelsetid i Sverige finner regeringen att utgången i ärendet inte kan anses oförenlig med portalbestämmelsen i 1 kap. 1 § andra stycket utlänningslagen om barnets bästa.

Vad som framkommit i ärendet, främst genom Säkerhetspolisens yttrande, ger anledning att förordna om återreseförbud för Ahmed Agiza och Hanan Attia samt deras minderåriga barn Muhammad, Usama, Husein, Batoul och Kinana Mustafa Kamil. Tiden bör bestämmas till tio år för Ahmed Agiza och två år för övriga i familjen.

Mot bakgrund av omständigheterna i ärendet skall Säkerhetspolisen verkställa avvisningsbeslutet enligt 8 kap. 11 § andra stycket 3 utlänningslagen.

På regeringens vägnar


Anna Lindh

Charlotte Roth Olanders


Kopia till

Ju PÅ
Ju BIRS
Säkerhetspolisen
Utlänningsnämnden (ADM 01/10433)
Migrationsverket, Mats Baurmann/Praxisenheten, Norrköping (sju dossier, 9-500865, 9-500866, 9-500867, 9-500868, 9-500869, 9-500870 och 9-612189 återställs)
Advokat Anders Olsson