# EXHIBIT C

Case 5:07-cv-02798-JW    Document 52-6    Filed 12/14/2007    Page 1 of 3



**REGERINGSKANSLIET**  Stockholm, 25 May 2007   MR/FN 6/2003

**Ministry for Foreign Affairs**
**Sweden**
*Director-General of Legal Affairs*

Committee against Torture
Office of the High Commissioner
for Human Rights
United Nations
CH-1211 GENEVA 10
Switzerland

**Communication No. 233/2003**

**Mr Ahmed Agiza v. Sweden**

Mesdames and Sirs,

I have the honour to refer to the Note of 13 December 2006 of the Secretariat of the United Nations, Office of the High Commissioner for Human Rights, to the Permanent Mission of Sweden to the United Nations Office at Geneva (ref. no. G/SO 229/31 SWE (47) Follow-up 233/2003) regarding a request by the Committee against Torture concerning communication No. 233/2003. In the above-mentioned Note, the Government has been requested to continue to provide updated information on its monitoring visits of Mr Agiza in Egypt.

*Continued monitoring visits by the Swedish embassy in Cairo*

Since the Government last informed the Committee on the visits conducted by the Swedish embassy in Cairo in order to monitor Mr Agiza's situation (observations of 1 September 2006), there have been five further visits. The latest visit took place on 29 April 2007. Mr Agiza's well-being and health situation are in all essentials unchanged. He repeatedly states that he is feeling well. He continues to receive necessary medical treatment. During a period last winter he complained about not receiving sufficiently frequent medical treatment. The situation has, however, now improved. He has intentionally lost weight in order to lessen the burden on his bad leg. He will soon complete his law studies and then specialise in the field of international law. There are now new information concerning his efforts to be released from prison before he is due to be released. He has on one occasion obtained permission to speak on a mobile phone with his wife and children for approximately 25 minutes. Mr Agiza's mother visits him in prison, although less frequently due to her deteriorating health. She also intends to visit his family in Sweden. Mr Agiza's father died on 7 December 2006 and he did not receive permission to visit his funeral.

By this time, the embassy's staff has visited Mr Agiza in the prison where he is being held on 44 occasions. These visits will continue.

Postal Address            Telephone             E-mail: registrator@foreign.ministry.se
SE-103 39 Stockholm       +46 8 405 10 00
SWEDEN

Visitors' address         Fax                   Telex
Malmtorgsgatan 3          +46 8 723 11 76       105 90 MINFOR S

*Other recent developments in the case concerning Mr Agiza*

The Government would like to inform the Committee that Mr Agiza earlier this year lodged a request to the Swedish Government, requesting that the Government repeals its decision of 18 December 2001 to reject his request for asylum and to refuse him entry into Sweden and prohibit re-entry and that he be granted a permanent residence permit in Sweden. Mr Agiza also requested that he be awarded reasonable damages and compensation from the Swedish Government. His family, who has already been granted permanent residence permits in Sweden on humanitarian grounds, has also asked for compensation.

The Government made a decision on Mr Alzery's and his family's requests on 16 May 2007. In its decision, the Government repealed its decision of 18 December 2001 and turned over Mr Agiza's request for a residence permit in Sweden to the Swedish Migration Board for examination under the new Aliens Act of 2005. Furthermore, the Government referred Mr Agiza's request for compensation to the Office of the Chancellor of Justice. The Government instructed the Office of the Chancellor of Justice to attempt to reach an agreement with Mr Agiza on the issue of compensation.

The request for compensation lodged by Mr Agiza's family, was not examined by the Government on its merits, since the competence to examine such requests rests with the Chancellor of Justice.

It should be added that under the Swedish Constitution, the Chancellor of Justice and the Migration Board are independent bodies in relation to the Government and the Government is not allowed to instruct these bodies in their assessment of an individual case. The Government is therefore not in a position to predict the outcome of the proceedings before these bodies.

Please accept, Mesdames and Sirs, the assurances of my highest consideration.


Carl Henrik Ehrenkrona
Ambassador