# EXHIBIT Z

<div dir="rtl">

موجز حكم المحكمة اليمنية
بشأن محمد فرج أحمد باشميلة

الجمهورية اليمنية، وزارة العدل، المحكمة الجزائية المتخصِّصة
الحكم رقم 1/أ لعام 1427هـ في القضية الجزائية رقم 3 للعام 1427هـ ، مقدمة من النيابة العامة
برئاسة القاضي نجيب محمد صالح القادري، رئيس المحكمة
27 فبراير 2006

- "تتهم النيابة العامة المتهمين المذكورين [ومنهم السيد محمد باشميلة] لأنهم: ...استعمل محرر مزور متعلق بدولة أجنبية هي بطاقة إثبات الشخصية على أنه إندونيسي، واسمه / محمد فرج أحمد، وتزوج من امرأة إندونيسية بتلك البطاقة مع علمه بتزويرها، وعلى النحو المبين تفصيلاً في الأوراق".

### إجراءات المحاكمة

- وسئل [السيد محمد باشميلة]: ما قولك فيما نسب إليك؟ فأجاب: أنا معترف فيما يتعلق باستخراجي للبطاقة وقد أخذت جزائي في إندونيسيا أمام السجن الأندنوسي وأفرجوا عني بغرامة مالية وبواسطة السفارة اليمنية ... وتم إلقاء القبض عليا في الأردن بدون أي مسوغ قانوني حيث أني أحمل الجواز اليمني باسم محمد فرج باشميلة وتم تسليمي بعد تعذيبي في الأردن إلى أمريكا لمدة سنة وسبعة أشهر في سجون سرية لا نعلمها وأوضاع سيئة جداً، بعد ذلك تم تسليمنا إلى اليمن في تاريخ 5/5/2005م لعدم ثبوت أي أدلة ضدنا حول ما نسب إلينا من تهم سابقة غير تلك المنسوبة إلينا في قرار الاتهام وظلينا في السجون لمجرد الاشتباه ونحن الآن في سجون اليمن من 5/5/2005م من دون محاكمة وقد صرحت الأجهزة اليمنية بأنه لا يوجد علينا أي مخالفات ولكن قالوا بأن بقاءنا في السجن بناء على طلب السفارة الأمريكية في اليمن وقرأت هذا في الصحافة وأطلب من المحكمة الإفراج عني بضمانة مالية بأسرع وقت ممكن إضافة إلى إحالتي إلى طبيب مختص للعلاج وتحسين أحوالنا داخل السجن من ناحية الطعام.

### حيثيات الحكم الصادر بحقّ السيد محمد باشميلة

- "وحيث يتبين من كل ما تقدم أن ... المتهم ... ارتكب واقعة استعمال محرر مزور عن علم وإرادة ... الأمر الذي يقتضي معه إدانتهم [إدانته] بالوقائع الثابتة نسبتها إليهم إعمالاً لحكم المادة (321) من قانون الإجراءات الجزائية".

### المنطوق بشأن السيد محمد باشميلة

- "...حكمت المحكمة حضورياً بالآتي: الاكتفاء بالمدة التي قضاها المدان ... محمد فرج أحمد باشميلة ... واحتساب مدة الحبس التي قضاها المدانين خارج البلاد من العقوبة المقررة عليهم".

</div>

<div align="center">

SUMMARY OF JUDGMENT OF YEMENI COURT
CONCERNING MOHAMED FARAG AHMED BASHMILAH

</div>

Republic of Yemen, Ministry of Justice, Specialized Penal Court
Ruling No. 1/A of the year 1427 [Hijri] in the Penal Case No. 3 of the year 1427 [Hijri], Filed by the Office of the Prosecutor General
Presiding Judge: Najeeb Mohammed Saleh Al-Qadiri, President of the Court
February 27, 2006

- "The Office of Prosecutor General charges the named defendant[s] [including Mr. Bashmilah] as follows: …Used a forged document of a foreign country, namely an identification card as an Indonesian named Mohamed Farag Ahmed, with which he married an Indonesian woman, knowing that it was forged, as shown in detail in the papers."

Trial Procedures
- Mr. Bashmilah was asked: "What do you have to say regarding the matters alleged against you? He replied: 'I have admitted obtaining the card, and I have received my penalty in Indonesia in an Indonesian prison. They released me upon paying a monetary fine with the intervention of the Yemeni Embassy…I was arrested in Jordan without legal justification, as I was bearing the Yemeni passport in the name of Mohamed Farag Bashmilah. After being tortured, I was handed over to United States (custody, where I remained) for one year and seven months in secret prisons that we do not know, in very bad conditions. Afterwards, we were handed over to Yemen on 5/5/2005, as none of the prior charges of which we were accused could be proven, which are different from the charges against us in the Decision to Charge. We remained in prison for no reason other than a suspicion, and now we are in Yemeni prisons since 5/5/2005, without trial. The Yemeni authorities have declared that we had committed no violations, but they said that we were in prison by a request from the U.S. embassy in Yemen. I read this in the press. I ask the court to release me on bail as soon as possible, in addition to referring me to a specialized physician, and improving our conditions in prison in terms of food.'"

Grounds of Conviction for Mr. Bashmilah
- "Based on all the above, it is determined that…the…defendant knowingly and willingly committed the act of using a forged document…This being the case, they [he] must be convicted of the acts alleged against them [him], pursuant to the provisions of Article 321 of the Law of Penal Procedures."

Sentence for Mr. Bashmilah
- "…the court has ruled in the presence of the defendant[s] as follows…To consider the time that…Mohamed Farag Ahmed Bashmilah…spent in prison sufficient. To count the time of imprisonment that the convict[s] endured outside the country as part of their [his] determined sentence."