# EXHIBIT Y



Drafted by SSA [redacted] FBI (BAU) at Guantanamo Bay and forwarded to Marion Bowman, Legal Counsel, FBIHQ, on 11/27/2002.

## LEGAL ANALYSIS OF INTERROGATION TECHNIQUES:

### Interrogation Techniques

Category I –
1. Gagging with gauze.
2. Yelling at detainee.
3. Deception
   a. Multiple Interrogators
   b. Interrogator posing as an interrogator from a foreign nation with a reputation of harsh treatment of detainees.

Category II -
1. Use of stress positions (such as standing) for a maximum of 4 hrs.
2. Use of falsified documents or reports.
3. Isolation facility for 30 day increments.
4. Non-standard interrogation environment/booth.
5. Hooding detainee.
6. Use of 20-hour interrogation segments.
7. Removal of all comfort items (including religious items).
8. Switching detainee from hot rations to MRE's.
9. Removal of all clothing.
10. Forced grooming (shaving of facial hair etc...)
11. Use of individual phobias (such as fear of dogs) to induce stress.

Category III-
1. Use of scenarios designed to convince detainee that death or severe pain is imminent for him or his family.
2. Exposure to cold weather or water (with medical monitoring).
3. Use of wet towel and dripping water to induce the misperception of drowning.
4. Use of mild physical contact such as grabbing, light pushing and poking with finger.

Category IV-
1. Detainee will be sent off GTMO, either temporarily or permanently, to Jordan, Egypt, or another third country to allow those countries to employ interrogation techniques that will enable them to obtain the requisite information.

ALL INFORMATION CONTAINED HEREIN IS UNCLASSIFIED
DATE [illegible] BY [illegible]

## Legal Analysis

The following techniques are examples of coercive interrogation techniques which are not permitted by the U.S. Constitution:

Category I -
3. b. Interrogator posing as an interrogator from a foreign nation with a reputation of harsh treatment of detainees.

Category II -
1. Use of stress positions (such as standing) for a maximum of 4 hrs.
2. Use of falsified documents or reports.
5. Hooding detainee.
6. Use of 20-hour interrogation segments.
9. Removal of all clothing.
11. Use of individual phobias (such as fear of dogs) to induce stress.

Category III -
1. Use of scenarios designed to convince detainee that death or severe pain is imminent for him or his family.
2. Exposure to cold weather or water (with medical monitoring).
3. Use of wet towel and dripping water to induce the misperception of drowning.

Information obtained through these methods will not be admissible in any Criminal Trial in the U.S. Although, information obtained through these methods might be admissible in Military Commission cases, the Judge and or Panel may determine that little or no weight should be given to information that is obtained under duress.

The following techniques are examples of coercive interrogation techniques which may violate 18 U.S.C. s. 2340, (Torture Statute):

Category II -
5. Hooding detainee.
11. Use of individual phobias (such as fear of dogs) to induce stress.

Category III -
1. Use of scenarios designed to convince detainee that death or severe pain is imminent for him or his family.
2. Exposure to cold weather or water (with medical monitoring).
4. Use of wet towel and dripping water to induce the misperception of drowning.

In 18 U.S.C. s. 2340, (Torture Statute), torture is defined as "an act committed by a person acting under color of law specifically intended to inflict severe physical or mental pain or suffering upon another person within his custody or control." The torture statute defines "severe mental pain or suffering" as "the prolonged mental harm caused by or resulting from the intentional infliction or threatened infliction of severe physical pain or suffering; or the administration or application, or threatened administration or application, of mind-altering substances or other procedures calculated to disrupt profoundly the senses of the personality; or the threat of imminent death; or the threat that another person will imminently be subject to death, severe physical pain or suffering, or the administration or application, of mind-altering substances or other procedures calculated to disrupt profoundly the senses of the personality."

Although the above interrogation techniques may not be per se violations of the United States Torture Statute, the determination of whether any particular use of these techniques is a violation of this statue will hinge on the intent of the user. The intent of the user will be a question of fact for the Judge or Jury to decide. Therefore, it is possible that those who employ these techniques may be indicted, prosecuted, and possibly convicted if the trier of fact determines that the user had the requisite intent. Under these circumstances it is recommended that these techniques not be utilized.

The following technique is an example of a coercive interrogation technique which appears to violate 18 U.S.C. s. 2340, (Torture Statute):

Category IV-
1. Detainee will be sent off GTMO, either temporarily or permanently, to Jordan, Egypt, or another third country to allow those countries to employ interrogation techniques that will enable them to obtain the requisite information.

In as much as the intent of this category is to utilize, outside the U.S., interrogation techniques which would violate 18 U.S.C. s. 2340 if committed in the U.S., it is a per se violation of the U.S. Torture Statute. Discussing any plan which includes this category, could be seen as a conspiracy to violate 18 U.S.C. s. 2340. Any person who takes any action in furtherance of implementing such a plan, would inculpate all persons who were involved in creating this plan. This technique can not be utilized without violating U. S. Federal law.